JAMES H. DUMMLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dummler v. Commissioner
Docket No. 3265-83.
United States Tax Court
T.C. Memo 1985-224; 1985 Tax Ct. Memo LEXIS 409; 49 T.C.M. (CCH) 1460; T.C.M. (RIA) 85224; May 9, 1985. *409 In 1981, P allegedly operated a local congregation of the Universal Life Church of Modesto, Calif. P alleges that he made contributions to such local congregation and claimed a deduction therefor. Held: (1) P failed to prove that his local congregation existed, or that such local congregation qualified as a tax-exempt organization, or that no part of the net earnings of such local congregation inured to his personal benefit. (2) P was liable for an addition to tax under sec. 6653(a), I.R.C. 1954, since he failed to show that the underpayment of tax was not due to negligence or to intentional disregard of rules and regulations. (3) The United States is entitled to an award for damages from P under sec. 6673, I.R.C. 1954, since the proceedings herein were instituted primarily for delay and P's position is both frivolous and groundless. James Griffin, for the petitioners. Gerald W. Douglas, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $4,621.00 in the petitioner's Federal income tax for 1981 and an addition to tax of $231.05 under section 6653(a) of the Internal Revenue Code of 1954. [1] The issues for decision are: (1) Whether the petitioner is entitled to a deduction for charitable contributions to his local congregation of the Universal Life Church, Inc., as claimed on his 1981 Federal income tax return; (2) whether the petitioner is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations; and (3) whether the United States is entitled to an award for damages under section 6673. FINDING *411 OF FACT None of the facts have been stipulated.However, certain facts have been deemed admitted pursuant to Rule 90(c) of the Tax Court Rules of Practice and Procedure.[2]
The petitioner, James H. Dummler, was a legal resident of Portland, Ore., at the time he filed his petition in this case. He filed his Federal income tax return for 1981 with the Internal Revenue Service Center, Ogden, Utah. During 1981, Mr. Dummler was employed full-time as an electrician by Ajax Electric Company of Portland, Ore.
The petitioner alleges that during 1981, he operated a local congregation of the Universal Life Church, Inc., of Modesto, Calif. (ULC), and that he served as the minister of such local congregation. The petitioner's personal residence served as the location of the local congregation.However, during 1981, the petitioner did not conduct any religious ceremonies or services at his local congregation nor anywhere else. [3] Moreover, the petitioner's local congregation did not have any membership during 1981 for which the petitioner could perform any religious functions. Overall, the petitioner *412 performed no services of any kind for his local congregation during 1981. Mr. Dummler has never received any formal training at any school, college, or seminary to become a minister of a congregation of the ULC, and he has failed to provide any evidence of any credentials or certificates establishing that he was a minister for a local congregation of the ULC. During 1981, the petitioner maintained a checking account for his local congregation (the church account) at a local financial institution. However, the petitioner has refused to disclose the account number and the specific location of the church account. The petitioner maintained exclusive control over the church account during 1981, but he refused to disclose the names of those who had signatory power *413 over such account. On his Federal income tax return for 1981, the petitioner claimed a charitable contribution deduction of $13,179.77 for contributions to his local congregation of the ULC. In his notice of deficiency, the Commissioner disallowed such deduction in its entirety. OPINION The first issue for decision is whether the petitioner is entitled to a deduction for charitable contributions to his local congregation of the ULC in the amount of $13,179.77. Section 170 [4] generally allows deductions for charitable contributions where the taxpayer can prove the following: First, that the contributions were actually made; second, that the contributions were made to a qualified tax-exempt organization; and third, that no part of the net earnings of the qualified tax-exempt organization inured to the taxpayer's personal benefit. Davis v. Commissioner,81 T.C. 806 (1983), on appeal (9th Cir., June 25, 1984); Miedaner v. Commissioner,81 T.C. 272 (1983); McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). *414 The burden of proving his right to a deduction is on the petitioner (Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933)), and the petitioner in this case has failed to carry such burden. First, the petitioner has wholly failed to show that his local congregation of the ULC existed. Second, even if such local congregation did exist, the petitioner has not shown that such entity possessed any of the usual indicia of a church, such as the carrying on of religious services or ceremonies or having a corgregation. Third, even if the alleged local congregation existed and qualified as a tax-exempt organization, no evidence has been offered that would support a finding that the petitioner actually made contributions to such an organization. Finally, the petitioner has failed to establish that he did not personally benefit from the alleged contributions. The fact the petitioner maintained exclusive control suggests that the local congregation was merely the petitioner's alter ego and precludes a finding that the petitioner made any charitable contributions within the meaning of section 170. The petitioner argues that he is entitled to the charitable deduction on *415 the ground that the ULC's specific exemption [5] (see Universal Life Church, Inc. v. United States,372 F. Supp. 770 (E.D. Cal. 1974)) constitutes a group exemption for ULC and all of its local chapters. However, this Court has consistently and repeatedly held that ULC's exemption is not a group exemption. Davis v. Commissioner,81 T.C. at 815 n.9. Under these circumstances, we conclude that the petitioner is not allowed any deduction for his alleged contributions to his local congregation.
The second issue for decision is whether the petitioner is liable for an addition to tax under section 6653(a). That section provides for an addition to tax when an underpayment of tax is due to negligence or to intentional disregard of the rules and regulations. The petitioner has the burden of showing that he is not liable for the addition to tax. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). In this case, the petitioner *416 introduced no evidence to show that he exercised due care in preparing his tax return for 1981 or that he did not intentionally disregard the rules and regulations. Consequently, without such evidence, we are bound to approve the Commissioner's determination of an addition to tax under section 6653(a). The third issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is privolous or groundless, damages in an amount not in excess of 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This Court has been faced with numerous cases, such as this one, concerning attempts by taxpayers to use the "pretext of a church to avoid paying their fair share of taxes, * * * [and to] resort to the courts in a shameless attempt to vindicate themselves." Miedaner v. Commissioner,81 T.C. at 282. The petitioner in this case has abused the processes of this Court *417 and wasted its resources. On the basis of the record, we concluded that the proceedings herein were instituted primarily for delay and that the petitioner's position is both frivolous and groundless, and we accordingly award damages to the United States under section 6673 in the amount of $3,000. Decision will be entered for the respondent.
Footnotes
1. All statory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
3. This matter, together with certain other matters in the facts, was the subject of a requested admission by the Commissioner. The petitioner did file a timely objection to the request, but such objection was without merit. The petitioner was given additional time to file a proper answer, but when he failed to do so, this matter, together with the other similar matters, was deemed admitted by order of the Court.↩
4. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. * * * (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- * * * (2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *; (C) no part of the net earngs of which inures to the benefit of any private shareholder or individual; * * *↩
5. The Internal Revenue Service has announced that it will no longer recognize the tax exempt status of the Universal Life Church, Modesto, Calif.Announcement 84-90, 1984-36 I.R.B. 32↩ (Sept. 4, 1984).